25575. WEST *v.* FLYNN REALTY COMPANY.

Decided November 14, 1936.

*Louis M. Tatham, Louis Burton,* for plaintiff in error.
*Colquitt, MacDougald, Troutman & Arkwright, Ray Williams,* contra.

Stephens, J. Summary proceedings to dispossess Thomas B. West as a tenant, holding over beyond his term, of rooms in an office building described as "Peachtree Arcade," were instituted on June 18, 1935, in the municipal court of Atlanta, by Flynn Realty Company as landlord, as provided in Code, § 61-301, for summary dispossession of a tenant holding over. In a counter-affidavit as provided by the statute, for arresting the proceedings and causing an issue to be tried, West alleged that the plaintiff's charter as a corporation had expired and therefore that there was

no right in the plaintiff as a corporation to institute the proceedings; that the defendant was not a tenant holding over, but accepted the rooms after the expiration of a written lease on November 1, 1934, under an oral agreement between the parties which allowed the defendant to remain in the rooms, after the expiration of the lease, until another room in the building, which the plaintiff had rented to the defendant, became vacant. The defendant also pleaded as res judicata a verdict and judgment for the plaintiff which had been rendered May 14, 1935, between the same parties, on the trial of an issue formed by a counter-affidavit by the defendant to the issuance of a warrant to dispossess him of the same rooms as a tenant holding over beyond the expiration of the same term which terminated on the termination of the same written lease. In this former verdict and judgment the right of possession to the same offices was found in the plaintiff, and a sum due as rent was found for the plaintiff. On the trial there was adduced and tendered evidence in support of the facts alleged in each of the three defenses interposed by the defendant. The evidence as respects the pleas other than the plea of res judicata was practically the same as the evidence on the former trial, as appears in *West* v. *Flynn Realty Co.*, 53 *Ga. App.* 594 (186 S. E. 753). The ruling there made, as respects these defenses, is controlling in this case. The evidence relative to the second defense was therefore improperly excluded. This evidence was sufficient to authorize a finding for the defendant. The court therefore erred in excluding this evidence and in afterwards directing a verdict for the plaintiff. From the evidence adduced, and also offered by the defendant and rejected, in support of the defendant's plea of res judicata, it appeared without dispute that the defendant in so far as he was a tenant holding over, was a tenant holding over beyond the term which terminated with the termination of the written lease on November 1, 1934, and that the plaintiff's right to dispossess the defendant for holding over after the expiration of this same term was adjudicated in the plaintiff's favor by the verdict and judgment in the former suit. The evidence therefore demanded a finding in favor of the defendant's plea of res judicata.

The court therefore erred in excluding evidence offered by the defendant, and in afterwards directing a verdict for the plaintiff, and in afterwards overruling the defendant's motion for new trial.

The appellate division therefore erred in affirming the defendant's appeal from the judgment overruling the motion for new trial.

*Judgment reversed.* *Jenkins, P. J., and Sutton, J., concur.*